**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:17-CR-00063-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **WILLIAM BUCK HARRIS (1)** | § | |

# REPORT AND RECOMMENDATION ON REVOCATION OF SUPERVISED RELEASE

On September 23, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Emil Mikkelsen. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

## *Background*

After pleading guilty to the offense of Possession with Intent to Distribute 50 Grams or More of a Mixture of Substance Containing a Detectable Amount of Methamphetamine, a Class B felony, United States District Judge Thad Heartfield sentenced Defendant William Buck Harris on January 31, 2018. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. The Court granted a downward departure and sentenced Defendant to an imprisonment term of 108 months, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. The case was reassigned to United States District Judge Jeremy D. Kernodle on January 4, 2024. Defendant completed his term of imprisonment and started his term of supervised release on June 26, 2025.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 24, 2026, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was issued a citation on or about November 30, 2025 for open container in a motor vehicle.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on July 1, 2026 that tested positive for methamphetamine.

3. **Allegation 3 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.** It is alleged that Defendant was scheduled to report to the U.S. Probation Office on Tuesday, August 11, 2026, at 8:30 a.m. but he failed to report as directed.

4. **Allegation 4 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant communicated with convicted felon Justin Mosley on or about June 19, 2026 without permission from the probation officer.

5. **Allegation 5 (standard condition 13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant was scheduled to report to the U.S. Probation Office on Tuesday, August 11, 2026, at 8:30 a.m. but he failed to report as instructed.

6. **Allegation 6 (special condition): The defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to provide a random urine specimen on August 4, 2026 as required of the NAPP Random Drug Testing Program. It is also alleged that

> Defendant failed to attend a scheduled counseling session with Licensed Professional Counselor Sherry Young on August 17, 2026.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of open container in a motor vehicle, using methamphetamine, failing to report to the U.S. Probation Office as directed, communicating or interacting with a known felon, failing to provide a urine specimen or failing to attending counseling, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

guideline imprisonment range for a Grade C violation is 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On September 23, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Emil Mikkelsen announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 10 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months with no further term of supervised release. Through an individualized assessment, I determined that no new term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months with no further term of supervised release.

So ORDERED and SIGNED this 23rd day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE